**E-FILED on** 2/26/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KIEL J. STURM,<br><br>    Plaintiff,<br><br>    v.<br><br>EL CAMINO HOSPITAL,<br><br>    Defendant. | No. C-09-02324 RMW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT, AND DISMISSING THE ACTION<br><br>**[Re Docket No. 41]** |

Plaintiff Kiel J. Sturm, *pro se* in this matter, moves for partial summary judgment that defendant El Camino Hospital was a state actor for the purposes of 42 U.S.C. § 1983 liability. Defendant agrees that this issue is suitable for summary judgment but contends that the undisputed facts establish that it was not a state actor. For the reasons set forth below, the court denies plaintiff's motion for partial summary judgment, grants defendant's cross-motion for summary judgment, and dismisses the action in its entirety.

## I. BACKGROUND

On November 16, 2008, plaintiff voluntarily entered El Camino Hospital's emergency room, seeking medical treatment for high anxiety and panic attacks. Decl. of Beverly Wilson, RN ("Wilson Decl.") at 2. Registered nurse Beverly Wilson, an employee at El Camino Hospital, believed there was probable cause to find that plaintiff's mental illness rendered him unsafe and unable to safely care for himself. *Id.* at 1-2. However, plaintiff did not agree to being voluntarily admitted for in-patient evaluation and treatment. *Id.* at 2. Ms. Wilson consulted with Caroline Cribari, the on-call psychiatrist and an independent contractor with the hospital. *Id.* Dr. Cribari also indicated that she thought there was probable cause to conclude that plaintiff's mental illness rendered him gravely disabled. *Id.* Under California Welfare & Institutions Code Section 5150, an individual can be involuntarily hospitalized for 72-hour treatment and evaluation when there is probable cause to believe that he, "as a result of mental disorder, is a danger to others, or to himself or herself, or gravely disabled." Cal. Wel. & Inst. Code § 5150. Ms. Wilson completed the paperwork necessary to apply for a 72-hour detention for evaluation and treatment, and Dr. Cribari issued orders for plaintiff's involuntary admission to the hospital. Wilson Decl. at 2-3. Plaintiff was held without his consent in El Camino Hospital's intensive psychiatric care facility until November 18, 2008. Second Am. Compl. ¶ 5.

Plaintiff filed suit against El Camino Hospital, alleging: (1) violation of his civil rights under 42 U.S.C. § 1983, (2) false imprisonment, (3) negligent infliction of emotional distress, and (4) negligent interference with prospective economic relations.

## II. ANALYSIS

Liability under 42 U.S.C. § 1983 requires state action. *Jensen v. Lane County*, 222 F.3d 570, 574 (9th Cir. 2000). Accordingly, plaintiff seeks partial summary judgment that defendant El Camino Hospital was a state actor when it held him against his will. In response, defendant seeks summary judgment that it was not a state actor.

El Camino Hospital is a non-profit public benefit corporation. Though it is a private party, it may be found to be a state actor for the purposes of § 1983 liability if its conduct is "chargeable to the State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). The Supreme Court has

articulated the following four tests for determining whether a private party's conduct constitutes state action: (1) the state compulsion test, (2) the public function test, (3) the joint action test, and (4) the governmental nexus test. *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002).

**A. State Compulsion Test**

Under the state compulsion test, "a State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). In this case, there is no evidence that the state has exercised coercive power or provided significant encouragement regarding the decision to involuntarily hospitalize plaintiff. Ms. Wilson and Dr. Cribari exercised their independent medical judgment in finding plaintiff to be gravely disabled and deciding to detain him for 72-hour treatment and evaluation. The Supreme Court has found no state action when decisions "ultimately turn on medical judgments made by private parties according to professional standards that are not established by the State." *Blum*, 457 U.S. at 1008.

Moreover, though Ms. Wilson and Dr. Cribari detained plaintiff in accordance with California Welfare and Institutions Code Section 5150, this statute does not provide a basis for finding government coercion or significant government encouragement. Section 5150 provides, in part:

> When any person, as a result of mental disorder, is a danger to others, or to himself or herself, or gravely disabled, a peace officer, member of the attending staff, as defined by regulation, of an evaluation facility designated by the county, designated members of a mobile crisis team provided by Section 5651.7, or other professional person designated by the county *may*, upon probable cause, take, or cause to be taken, the person into custody and place him or her in a facility designated by the county and approved by the State Department of Mental Health as a facility for 72-hour treatment and evaluation.

Cal. Wel. & Inst. Code § 5150 (emphasis added). Notably, the statute is permissive, not mandatory; it states that certain persons *may* initiate a 72-hour detention for treatment and evaluation but does not require or encourage such action.

Plaintiff points to the fact that California Health and Safety Code Section 1317 requires health care facilities like El Camino Hospital to provide emergency services and care. However,

Section 1317 merely mandates provision of emergency services and does not require involuntarily holding individuals for mental health treatment and evaluation. In other words, Section 1317 does not affect the permissive, non-coercive nature of California Welfare and Institutions Code Section 5150. Furthermore, the mere fact that El Camino Hospital is subject to state regulations does not convert its actions into state action. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 350 (1974).

Section 5150 does not require or encourage 72-hour detentions and merely allows private parties to exercise their independent medical judgment regarding the need for treatment and evaluation. Therefore, Ms. Wilson and Dr. Cribari's decision to hold plaintiff at El Camino Hospital cannot be deemed to be that of the state under the state compulsion test.

### B.     Public Function Test

Under the public function test, a private party's conduct constitutes state action when the private party exercises powers that are "traditionally the exclusive prerogative of the State." *Jackson*, 419 U.S. at 353. The mere fact that a private entity performs a function that serves the public is insufficient to make the private entity's conduct state action. *See Caviness v. Horizon Comty. Learning Ctr., Inc.*, 2010 U.S. App. LEXIS 40, at *23 (9th Cir. Jan. 4, 2010). Likewise, the fact that the government has granted a private entity certain powers and privileges under the law is insufficient to make the private entity's conduct state action. *See Gorenc v. Salt River Project Agric. Improvement & Power Dist.*, 869 F.2d 503, 508 (9th Cir. 1989). Accordingly, the Ninth Circuit has held that providing educational services and utility services are not functions that are "traditionally the exclusive prerogative of the State." *Caviness*, 2010 U.S. App. LEXIS 40, at *23; *Gorenc*, 869 F.2d at 506.

The conduct at issue in this case is the detention of individuals for mental health treatment and evaluation. Plaintiff has provided no evidence demonstrating that this function is traditionally one within the exclusive prerogative of the state. "When purely private actors obtain the help of a private physician to bring about the involuntary admission and detention of an allegedly mentally ill person for psychiatric evaluation, courts that have addressed this scenario in the § 1983 context have held that there is no state action." *Jensen*, 222 F.3d at 574. In this case, a nurse and an on-call doctor at a private hospital brought about the involuntary admission and detention of plaintiff for

psychiatric evaluation and treatment. This case does not involve a private actor "functioning as the government [such] that the private actor becomes the state for purposes of state action." *Gorenc*, 869 F.2d at 508. By detaining plaintiff for mental health treatment and evaluation, the private parties involved did not exercise power that is "traditionally the exclusive prerogative of the State." *Caviness*, 2010 U.S. App. LEXIS 40, at *23. Therefore, defendant's conduct does not constitute state action under the public function test.

### C. Joint Action Test

Under the joint action test, "courts examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Franklin*, 312 F.3d at 445 (quoting *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir. 1995)). In this case, there is no evidence of any conspiracy or joint action between state officials and El Camino Hospital. Plaintiff only alleges that the county government: (1) designated El Camino Hospital as a facility that may hold individuals for 72-hour treatment and evaluation and (2) likely also designated Ms. Wilson as an individual qualified to make the probable cause finding necessary for such a detention.[1] Such designations alone are insufficient to transform defendant's conduct into state action under the joint action test. The Ninth Circuit has made clear that there must be "a substantial degree of cooperation before imposing civil liability for actions by private individuals that impinge on civil rights." *Franklin*, 312 F.3d at 445. There is no evidence of cooperation between the state and the private parties in this case, much less a substantial degree of cooperation. Accordingly, defendant's conduct does not constitute state action under the joint action test.

### D. Governmental Nexus Test

Under the governmental nexus test, there must be "a sufficiently close nexus between the State and the challenged action of the [private] regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Jackson*, 419 U.S. at 351. The state must be "so far

---

[1] Under California Welfare and Institutions Code Section 5150, when a person is detained for 72-hour treatment and evaluation, he must be placed in "a facility designated by the county." In addition, only certain qualified individuals have the ability to detain a mentally ill person for 72-hour treatment and evaluation. Cal. Wel. Inst. Code. § 5150. These qualifications are met if one is a "member of the attending staff . . . of an evaluation facility designated by the county" or some other "professional person designated by the county." *Id.*

insinuated into a position of interdependence with the [private party] that it was a joint participant in the enterprise." *Id.* at 357-58. As discussed above, the only relationship plaintiff alleges between the state and El Camino Hospital is that the county government designated the hospital as a facility that may hold individuals for 72-hour treatment and evaluation and likely designated the nurse as an individual qualified to make the probable cause finding required for such a detention. There is no evidence that the state has so far insinuated itself into a position of interdependence with El Camino Hospital that it would be considered a joint participant in the challenged conduct. Therefore, defendant's conduct does not constitute state action under the governmental nexus test.

### E. Option of Petitioning for Writ of Habeas Corpus

Plaintiff also argues that because detainees under Section 5150 may seek release by petitioning for a writ of habeas corpus, defendant's conduct in detaining him is state action. According to plaintiff, the fact that only a court may terminate the 72-hour detention proves that the hospital was acting as a state actor when it detained him.

First, the court notes that judicial intervention does not appear to be the only means for ending the 72-hour detention. According to El Camino Hospital, plaintiff was released roughly 48 hours into his detention based on the treating doctor's recommendation. Thus a private physician's recommendation provides an alternative means for terminating the detention.

Second, the judiciary's ability to intervene is insufficient to turn defendant's conduct into state action. In *Jackson v. Metropolitan Edison Co.*, the Supreme Court held that "[a]pproval by a state utility commission of [a private entity's] request [to conduct certain practices], where the commission has not put its own weight on the side of the proposed practices by ordering it, does not transmute a practice initiated by the utility and approved by the commission into 'state action.'" 419 U.S. at 357. Likewise, the judiciary's ability to approve or disapprove of a detention under Section 5150, where the judiciary has not ordered the detention, does not change the detention initiated by a private party into a state action. Where a private party merely exercised a choice allowed by state law, and the initiative came from the private party, not from the state, there is no state action. *Id.* In this case, a nurse and on-call doctor at a private hospital merely exercised a choice allowed by state law, and the initiative came from the private parties, not from the state. The fact that plaintiff had

the option of petitioning for a writ of habeas corpus to end the detention does not, by itself, transmute defendant's conduct into state action.

**F.    Dismissal of this Action**

The court finds that there is no genuine issue as to any material fact with respect to the question of whether defendant's conduct constituted state action. El Camino Hospital is entitled to judgment as a matter of law that it was not a state actor when it involuntarily hospitalized plaintiff pursuant to California Welfare and Institutions Code Section 5150. Because liability under 42 U.S.C. § 1983 requires state action, *Jensen*, 222 F.3d at 574, the court dismisses plaintiff's § 1983 claim.

Since both parties are citizens of California, Second Am. Compl. ¶ 4, plaintiff's § 1983 claim was the only basis for the court's subject matter jurisdiction over this action. Therefore, the court dismisses this action in its entirety for lack of subject matter jurisdiction. The dismissal is without prejudice for asserting plaintiff's state claims in state court.

### III.  ORDER

For the foregoing reasons, the court:

1. denies plaintiff's motion for partial summary judgment;
2. grants defendant's cross-motion for summary judgment that defendant was not a state actor when it involuntarily hospitalized plaintiff pursuant to Cal. Wel. & Inst. Code § 5150;
3. dismisses plaintiff's 42 U.S.C. § 1983 claim with prejudice; and
4. dismisses the action in its entirety for lack of subject matter jurisdiction.

DATED:    2/26/10

RONALD M. WHYTE
United States District Judge

**Notice of this document has been sent to:**

**Plaintiff:**

Kiel J. Sturm
Post Office Box 5381
Santa Clara, CA 95056

**Counsel for Defendant:**

Michael J. Garvin  mgarvin@smtlaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 2/26/10        CCL
**Chambers of Judge Whyte**